UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-119-TAV-DCP |
| | ) | |
| JOSEPH DAKOTA RUSH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Joseph Dakota Rush's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 23], filed on September 23, 2025.

Defendant requests the Court to continue the plea deadline, scheduled for September 22, 2025, and the trial date, scheduled for October 21, 2025 [*Id.*]. In support of his motion, Defendant's counsel states that he is in good communication with the government regarding this case and are working toward a resolution in this matter [*Id.* ¶ 1]. Defendant would like the additional time to consider his options [*Id.*]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 3]. The Government does not oppose the request for a continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both

result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs more time to consider and discuss a potential plea agreement with Defendant, and if those discussions are not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the October 21, 2025 trial date.

The Court therefore **GRANTS** Joseph Dakota Rush's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 23**]. The trial of this case is reset to **January 13, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 23, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Joseph Dakota Rush's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 23**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 13, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 23, 2025**, and the new trial date of **January 13, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 12, 2025**;

(5) the deadline for filing motions *in limine* is **December 29, 2025**. Responses to motions *in limine* are due on or before **January 6, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 30, 2025, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 2, 2026.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge