UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-119-TAV-DCP |
| | ) | |
| JOSEPH DAKOTA RUSH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Joseph Dakota Rush's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 25], filed on December 12, 2025.

Defendant requests the Court to continue the plea deadline, set for December 12, 2025, and the trial date, set for January 13, 2026, by approximately sixty days [*Id.* at 1]. In support of his motion, Defendant states that his counsel and the Government are in good communication regarding this case and are working toward a resolution in this matter, and that Defendant would like additional time to consider his options [*Id.* ¶ 1]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 4]. Defendant understands that the period of time between the filing of this motion and a rescheduled court date will be fully excludable time for speedy trial purposes [*Id.* ¶ 2].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C.

§ 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to confer with counsel and prepare his case. The Court finds that all of this cannot occur before the January 13, 2026 trial date.

The Court therefore **GRANTS** Defendant Joseph Dakota Rush's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 25**]. The trial of this case is reset to **March 31, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 12, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Joseph Dakota Rush's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 25**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 31, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **December 12, 2025**, and the new trial date of **March 31, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 27, 2026**;

(5) the deadline for filing motions *in limine* is **March 16, 2026**. Responses to motions *in limine* are due on or before **March 24, 2026**;

2

(6)  the parties are to appear before the undersigned for a final pretrial conference on **March 12, 2026, at 1:00 p.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 20, 2026.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge