IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CR-119-TAV-DCP |
| JOSEPH DAKOTA RUSH, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Motion to Review Appointment of Counsel [Doc. 27], filed by Benjamin G. Sharp ("Attorney Sharp") of Federal Defender Services of Eastern Tennessee, Inc. ("FDSET") on January 30, 2026. 28 U.S.C. § 636(b). The parties appeared before the Court for a hearing on February 5, 2026. Assistant United States Attorney Michael Gilmore ("AUSA Gilmore") appeared on behalf of the Government. Attorney Sharp appeared on behalf of Defendant, who was also present. CJA Panel Attorney Rachel Wolf ("Attorney Wolf") was also present at the Court's request.

In the motion, Attorney Sharp states that Defendant requests the appointment of new counsel [Doc. 27 p. 1]. Attorney Sharp represents that he believes that the attorney/client relationship is inextricably damaged in its current state [*Id.*].

At the hearing, Attorney Sharp stated that there was nothing more he could share outside a sealed hearing concerning the basis for the motion, and AUSA Gilmore stated that the Government had no position on the motion.

The Court then conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that both Attorney Sharp and Defendant Rush responded to the Court's inquiries as reasonably necessary to satisfy the Court that there are

sufficient grounds to warrant substitution of counsel based on a strained attorney-client relationship, suffering from a breakdown of communication and trust that has significantly impaired Attorney Sharp's ability to effectively represent Defendant Rush and to render effective assistance of counsel. Accordingly, the Court finds that good cause exists to grant Attorney Sharp's request to withdraw and to substitute counsel. *See United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (requiring a defendant to show good cause for substitution of counsel (citations omitted)).

Based upon good cause shown, the Motion to Review Appointment of Counsel [Doc. 27] is **GRANTED**. Attorney Sharp and FDSET are relieved as counsel of record for Defendant Rush and Attorney Sharp is **DIRECTED** to provide new counsel with discovery and the information from Defendant's file. The Court recognizes the need for Defendant to be represented continuously by counsel. Attorney Wolf was present at the hearing and agreed to accept representation of Defendant. The Court **SUBSTITUTES** and **APPOINTS** Attorney Wolf under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant.

Accordingly, it is **ORDERED**:

(1) The Motion to Review Appointment of Counsel [**Doc. 27**] is **GRANTED**;

(2) Attorney Sharp and FDSET are **RELIEVED** of further representation of Defendant, and Attorney Sharp is **DIRECTED** to provide new counsel with the discovery and information from Defendant's file; and

(3) Attorney Wolf is **SUBSTITUTED** and **APPOINTED** as Defendant's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge