UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-119-TAV-DCP |
| | ) | |
| JOSEPH DAKOTA RUSH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Joseph Dakota Rush's Motion to Continue Trial Date and All Other Deadlines [Doc. 30], filed on February 17, 2026.

Defendant asks the Court to continue the current trial date, which is set for March 31, 2026, as well as all other deadlines, including the plea agreement deadline and the final pretrial conference [*Id.*]. In support of his motion, Defendant states that his current counsel was substituted and appointed as counsel of record for Defendant pursuant to this Court's Order entered on February 6, 2026, following a hearing the previous day [*Id.* ¶ 1]. Defendant represents that his counsel needs additional time to receive and review discovery, confer with Defendant, conduct necessary investigation, and prepare for trial or negotiate a resolution [*Id.* ¶ 3]. Given that Defendant's counsel was only recently appointed, Defendant submits that the current schedule does not allow for adequate time to provide effective assistance of counsel [*Id.*]. Defendant's counsel states that Defendant was advised of his rights under the Speedy Trial Act during the February 5, 2026 hearing, and knowingly and voluntarily waived those rights on the record to

allow his new counsel time to prepare [*Id.* ¶ 4]. The motion reflects that at that same hearing, the Government indicated it did not object to a continuance of the trial date [*Id.* ¶ 5].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to receive and review discovery with Defendant, conduct investigation, confer with the Government regarding a potential resolution, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the March 31, 2026 trial date.

The Court therefore **GRANTS** Defendant Joseph Dakota Rush's Motion to Continue Trial Date and All Other Deadlines [**Doc. 30**]. The trial of this case is reset to **June 23, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on February 17, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Joseph Dakota Rush's Motion to Continue Trial Date and All Other Deadlines [**Doc. 30**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 23, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **February 17, 2026**, and the new trial date of **June 23, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 22, 2026**;

(5) the deadline for filing motions *in limine* is **June 8, 2026**, and responses to motions *in limine* are due on or before **June 16, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 9, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 12, 2026**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge